JAMES W. GUIZZETTE AND CHRIS STARKE, Jr., PLAINTIFFS-RESPONDENTS, v. WILLIAM KATREK, DEFENDANT-APPELLANT.

Submitted January 16, 1940—Decided April 9, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiffs-respondents, *R. Louis Clarkson* and *Dom Marconi*.

For the defendant-appellant, *Chandless & Weller* (*Julius E. Kramer*).

The opinion of the court was delivered by

CASE, J. Defendant appeals from a judgment awarding $404 to the plaintiffs and dismissing defendant's counter-claim. The trial was before the judge of the District Court of the Third Judicial District of the county of Bergen, sitting without a jury. The state of demand contains two counts, both based upon a contract in writing made between the defendant, owner, and the plaintiffs, builders and contractors, for the construction of a building and the furnishing of materials in accordance with the contract and with the drawings and specifications. The drawings are not before us, but no point is made of that omission. The contract and the specifications were exhibits and are included within the state of case. The first count sets up a demand for $360 as the balance owing on the contract price. The second count is for extra work and materials in the amount of $125.95. Defendant's counter-claim was for the alleged failure of the plaintiffs to perform in accordance with the contract, plans and specifications.

Appellant's first point is that the trial court erroneously admitted parol evidence to alter, vary and contradict the terms

of the written contract contrary to the holding in *Naumberg* v. *Young,* 44 *N. J. L.* 331, and subsequent cases. The point is, we think, well made. The contract and the specifications are signed by the plaintiffs and the defendant. The contract requires that the plaintiffs shall well and sufficiently erect and finish the building in accordance with the specifications and drawings and "find and provide such good, proper and sufficient materials as shall be proper and sufficient for the completing and finishing of all the works of the said building mentioned in the drawings and specifications for the sum of $4,860," and further provides that "this estimate and contract includes mason work, carpentry work, electric work, tile work, plumbing and painting." The specifications contain five titles or headings, namely, "Masonry Work," "Carpentry Work," "Plumbing," "Electrical Work," "Painting Work." The tiling requirements appear under the title of "Carpentry Work." The steam heating requirements appear under the title or classification of "Plumbing" and include a "Gas Fire Boiler G. K. 7" in addition to radiators, valves, vents, risers, mains, branches, return lines and a guaranteed temperature.

The state of case was settled by the trial judge. It appears therein that the court, over defendant's objection that the proposed testimony violated the parol evidence rule, permitted plaintiffs to testify that the reason why no steam boiler was installed in the house was that previous to the execution of the written contract the owner had orally agreed to furnish the boiler at his own expense. Whether or not the word "plumbing," as used by the trade, is or is not ordinarily inclusive of heating facilities, the present contract specifically set forth the requirements for a heating system under the title "Plumbing" and thus made immaterial the question of terminology. The writing required the plaintiffs to supply the boiler. The disputed testimony was, in our opinion, clearly contrary to the terms of the written contract and the accompanying written specifications. Therefore the questions in response to which that evidence was produced should, due objection being made, have been overruled. The admission of them was error.

The contract further provided that no alterations or extra

work should be done without a written order from the owner and an express agreement in writing as to the cost. Plaintiffs offered testimony that on oral orders they had done extra work to the value of $125.95. The defendant objected to the testimony on the ground that it was in violation of the named contractual provision. The objection was overruled and an exception prayed and allowed; and this is the subject of the second point. We think that the ruling was error. When a building contract provides in substance that no additions or alterations made during the progress of the work shall be regarded as extra work unless agreed to in writing and signed by the parties before such extra work is begun, the mere performance of extra work without such written agreement will not give rise to an implied waiver of the provisions of the contract in that respect. *Headley* v. *Cavileer,* 82 *N. J. L.* 635; *Mansfield* v. *County of Cape May,* 105 *Id.* 242. In addition to the legal rule, it is apparent that the parties recognized the force and effect of the contractual obligation, because thereafter the plaintiffs introduced into evidence a written agreement by the defendant to pay the sum of $44.95 for extra work. It is said by the plaintiffs that the trial judge included only the sum of $44.95 for extras in the judgment. That judicial act is not apparent, because the judgment is in one sum without division between the two counts of the complaint. However that may be, a new trial will be required by our ruling on the first point and the trial court is given our view of the pending question.

Appellant's third and fourth points are, respectively, that the trial court erred in denying the motion for a nonsuit and in denying defendant's motion for a judgment in his favor. There was proof of at least one item in support of plaintiffs' case, namely, the agreement signed by the defendant to pay the sum of $44.95 for extras. The signature of the defendant does not appear upon *Exhibit P-3* as printed in the transcript; but the trial judge certifies that there was a written agreement to pay that sum, and we rely upon that certification. Consequently, the denial of the motions for nonsuit and judgment for defendant was proper.

The matters presented in points five and six do not show reversible error.

The entire judgment, including the dismissal of the counter-claim, will be reversed, to the end that the matter be tried anew in the District Court.